FURST V. MULLER ET AL.

ASSIGNOR TRYING TO DEFEAT CLAIMS OF HIS ASSIGNEES.

Where a party to a suit, has in good faith assigned to his attorney for services rendered, a half interest in the judgment recover, and who in turn assigns his right to third parties: *Held*, that the original assignor's conduct in violating his contract cannot avail him to defeat the right of the original assignee and his assignees to recover the interest of the half assigned in such judgment

APPEAL from the Court of Common Pleas of Hamilton county.

The late Herman Muller recovered a judgment against the P., C., C. & St. L. Ry. Co. in a suit for damages brought by Frederick Quatkemeyer. For his services he was assigned one-half of the judgment, the understanding being that he should conduct the case in the circuit and supreme courts, if necessary. Muller in turn assigned all of his half of the judgment to Philip Volkert, and afterward assigned part of his interest in the same judgment to Mrs. Furst. He then disappeared, and Goebel & Bettinger, who were employed by Volkert to look after the

case were not permitted to act, but W. W. Symmes, who had been employed by Quatkemeyer, did appear, and secured an affirmance of the judgment in the supreme court. The matter then came on for hearing as to who was entitled to the fund under Muller's assignments.

SWING, J.

We think the assignment of Quatkemeyer to Muller of one-half the judgment against the railroad company was a valid assignment and vested in Muller a good title to one-half of the same as against the railroad company, said company having been properly notified of the assignment. As between Furst & Volkert, to whom Muller had assigned his half, the evidence seems clear to us that the assignment to Volkert on May 22, 1893, was prior in time to that to Furst on November 27, 1893, and that it passed to Volkert the interest of Muller in his fees in the case; and being prior in time is prior in right, there being no intervening equity; and Muller having assigned to Volkert his half of the judgment after its rendition and assignment to him by Quatkemeyer, the superior equitable title of Volkert was converted into a valid legal assignment.

We are further of the opinion that an agreement was entered into between Quatkemeyer, Muller and Goebel & Bettinger, whereby Quatkemeyer and the other parties agreed that Goebel & Bettinger were to carry on the litigation which Muller under his contract was bound to do, and that Goebel and Bettinger offered to carry out the contract on their part, but that Quatkemeyer assigned the contract and employed other counsel, and thereby put it beyond the power of Goebel & Bettinger to act. Quatkemeyer's conduct in violating his contract can not, therefore, avail him to defeat the right of Muller and his assignees to recover the half assigned. Neither can Quatkemeyer's attorney be entitled to receive, from the half assigned to Muller, compensation for services in the prosecution of the suit. He must look to Quatkemeyer, whose attorney alone he was.

Decree for Volkert.

*Jacob Shroder*, for Volkert.

*W. Austin Goodman*, for Elizabeth Furst.

*W. W. Symmes*, for Quatkemeyer; and *Robert Ramsey*, for the P., C., C. & St., L. Ry. Co.

---

## NEGOTIABLE INSTRUMENT—INDORSER.

[Cuyahoga Circuit Court, June 28, 1896.]

Caldwell, Hale and Marvin, JJ.

HENRY V. SPENGLER.

1. DUTY OF LAST INDORSER TO MAIL NOTICES TO PRIOR INDORSERS.

2. INDORSER TO BECOME LIABLE MUST HAVE NOTICE OF DISHONOR.

In an action against an indorser of a note upon which his name appears, such indorser cannot be held liable where there is no evidence given to show that he had received any notice whatever of the dishonor of the note.